NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CW INTERNATIONAL SALES LLC, doing business as CRYSTAL WARE,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL SOURCE, LTD.; GLOBAL SOURCE, LLC as successor to GLOBAL SOURCE, LTD.; GREG BREDICE; CV2LABS LLC; NATURAL SOLUTIONS COMPANY INTERNATIONAL INC. doing business as NATURAL SOLUTIONS; PROFESSIONAL PROTECTION PRODUCTS & EQUIPMENT LLC doing business as PRO PPE LLC,<br><br>Defendants. | Civil Action No. 22-06120 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

THIS MATTER comes before the Court upon the Motions for Default Judgment filed by Plaintiff CW International Sales LLC ("Plaintiff") against Defendants Natural Solutions Company International Inc. ("Natural Solutions"), CV2 Labs, LLC ("CV2"), and Professional Protection Products & Equipment LLC ("ProPPE") (collectively, the "Defaulted Defendants"), ("Motions," ECF Nos. 65, 67–68); and

THE COURT NOTING that, having reviewed Plaintiff's Motions and its counsel's Amended Certification in support of entry of default judgment, ("Amended Cert.," ECF No. 76), Plaintiff seeks entry of default judgment against the three remaining Defaulted Defendants in this case in connection with a transaction for vinyl gloves in October 2020. *See CW Int'l Sales LLC v.*

*Glob. Source, Ltd.*, No. 22-6120, 2024 WL 1521355, at *1–2 (D.N.J. Apr. 8, 2024); ("FAC," ECF No. 14). On April 10, 2026, the Court directed Plaintiff's counsel to submit a Certification in support of entry of default judgment, (ECF No. 72), which it did on April 24, (ECF Nos. 73–74). On April 27, the Court requested that Plaintiff amend its certification to further comply with its previous Memorandum Order, (ECF No. 75), which Plaintiff did on May 4, 2026, (Amended Cert.), and

**WHEREAS**, a movant seeking default judgment under Federal Rule of Civil Procedure ("Rule") 55(b)(2) must set forth the Court's personal jurisdiction over the defaulting parties and subject matter jurisdiction over the case, *see Farmlind Produce, LLC v. Sickles Mkt., LLC*, No. 24-3746, 2024 WL 3509488, at *4–5 (D.N.J. July 23, 2024), and

**WHEREAS**, default judgment under Rule 55(b)(2) requires a movant to have properly served the defaulting party under Rules 4 and 5, *see Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011); *Auto. Rentals, Inc. v. BAMA Com. Leasing LLC*, No. 17-3877, 2018 WL 1469047, at *1 n.1 (D.N.J. Mar. 26, 2018), and

**WHEREAS**, default judgment under Rule 55(b)(2) requires the allegations in the movant's operative complaint to state a claim upon which relief may be granted for each claim that the movant seeks default judgment, *see Farmlind Produce*, 2024 WL 3509488, at *5–6, and

**WHEREAS**, a movant for default judgment under Rule 55(b)(2) must show why the Third Circuit's relevant default judgment factors support the entry of default judgment, including "(1) the extent of the party's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of

2

sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original), and

**WHEREAS**, a movant for default judgment under Rule 55(b)(2) must prove, typically by "detailed affidavits and documentary evidence" why the amount of damages requested for any legally viable claim is correct, *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2–3 (D.N.J. July 17, 2013); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), and

**THE COURT FINDING** that Plaintiff's counsel's Amended Certification supports the entry of default judgment against each of the Defaulting Defendants for the reasons stated in the Amended Certification. (*See generally* Amended Cert.) The Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 5.) The Court has personal jurisdiction over each of the Defaulting Defendants because the conduct and events giving rise to the claims occurred in New Jersey. (*Id.* ¶ 6.) Each of the Defaulting Defendants executed waivers of service initially and were properly served the FAC in March 2023. (*Id.* ¶¶ 7–11.) The FAC states a claim for breach of contract against CV2, given CV2's failure to provide vinyl gloves following Plaintiff's $954,000 payment. (*Id.* ¶¶ 12–14; FAC ¶¶ 117–32); *EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*, 113 A.3d 775, 787 (N.J. Super. Ct. App. Div. 2015). The FAC states common law conversion claims against Natural Solutions, and ProPPE, given their respective failure to return Plaintiff's $954,000 payment despite Plaintiff's requests. (Amended Cert. ¶¶ 23–32; FAC ¶¶ 142–59); *Adami v. Cardo Windows, Inc.*, No. 12-2804, 2014 WL 2586933, at *15 (D.N.J. June 10, 2014). The Third Circuit's *Poulis* factors support entry of default judgment against the Defaulting Defendants, who have continually failed to appear, plead, or otherwise litigate this matter. (Amended Cert. ¶¶ 33–37.) Finally, Plaintiff supports its request for damages with its exhibit Bank of America wire

transfer for $954,000 on October 30, 2020, the amount it paid CV2 for the vinyl gloves. (ECF No. 76-1.) Moreover, based on the certification by Plaintiff's counsel Mr. Thomas Kovach, Mr. Kovach avers that Plaintiff seeks only $849,000 from the Defaulting Defendants, the original $954,000 Plaintiff paid CV2, less the $75,000 Natural Solutions returned to Plaintiff and the $30,000 Plaintiff received from other settling defendants. (Amended Cert. ¶ 39.)

**IT IS** on this ⟶ day of May, 2026,

**ORDERED** that default judgment is **GRANTED** against the Defaulting Defendants and for Plaintiff as follows: against CV2 for Count III of the FAC; against Natural Solutions for Count V of the FAC; and against ProPPE for Count VI of the FAC; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motions pending at ECF Nos. 65, 67, and 68; and it is further

**ORDERED** and **ADJUDGED** that judgment be, and hereby is, entered in favor of Plaintiff against Defendants CV2, Natural Solutions, and ProPPE in the amount of $849,000, jointly and severally; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**